**Ballard Spahr LLP**

1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
TEL 215.665.8500
FAX 215.864.8999
www.ballardspahr.com

Stephen J. Kastenberg
Tel: 215.864.8122
Fax: 215.864.9751
kastenberg@ballardspahr.com

*April 14, 2020*
*By Electronic Filing*

Hon. Brian R. Martinotti
U.S. District Court
402 East State Street
Room 2020
Trenton, NJ  08608

Re: <u>Doe v. Princeton University, Docket No. 20-CV-04352-BRM-TJB</u>

Dear Judge Martinotti:

We represent Defendant Princeton University ("the University") in the above referenced matter.  After hours yesterday, Plaintiff John Doe submitted a Complaint, filed this morning, asserting violations of Title IX by the University, and related claims.  Doe is a former University student who was expelled last month following a comprehensive investigation that found Doe had engaged in student-to-student intimate relationship violence.

Along with his Complaint, Doe has moved for entry of a preliminary injunction, and also an immediate Temporary Restraining Order ("TRO") pending consideration of that motion.  The TRO and injunction sought are a mandatory injunction compelling the University to lift the one month old expulsion and readmit Doe, so that he may attend classes for the remaining two weeks of the spring semester and take class exams.

We write to respectfully request that the Court not enter an immediate TRO and provide the University the opportunity to respond to the motion on an expedited schedule.  The University has important information to present to Your Honor, and while the University requests a brief period of about 30 hours (to 5 p.m. Friday, April 17) in order to respond, the University is prepared to respond within any timeframe the Court sets.  Given that *plaintiff waited 28 days* since his expulsion to file this emergency application, we respectfully suggest permitting the University at least 30 hours response time will not prejudice Plaintiff.

Doe was a senior at the University when another student, Jane Roe, filed an internal complaint against Doe, alleging repeated episodes of student-to-student intimate relationship violence.  Following an investigation, which included multiple interviews with claimant and respondent, interviews of 16 witnesses, and review of photographic and other evidence, an impartial, three-person University Title IX panel found Doe responsible for intimate relationship violence under University policy on February 18, 2020.  Two senior University administrators imposed the sanction of expulsion on Doe on February 27, 2020.  On March

DMEAST #40765471 v3

Hon. Brian R. Martinotti
Page 2

9, 2020, Doe filed an internal appeal of that decision, which, per University policy, stayed Doe's expulsion pending the appeal.  On March 18, 2020, a Title IX appeals panel of three separate University administrators denied Doe's appeal, and Doe was immediately expelled.

It has been nearly a month since Doe's expulsion was made final – and he is only now seeking emergency relief on the purported basis that he will be irreparably harmed if he does not, at this time, fulfill his academic requirements so that, if he succeeds at the close of this case, he need not have to do so then.  With this semester's classes ending May 1, 2020, Doe's delay has cost himself almost 2/3 of the then remaining classes this semester, yet he insists the Court must act immediately to enter a TRO permitting him to continue to participate in the academic life of the University with his fellow students.  In this regard, we emphasize that Plaintiff does *not* seek to maintain the *status quo ante* pending his suit, as Doe has been expelled for almost a month, but rather to compel Princeton to change affirmatively the *status quo* and grant him now a large portion of the relief he ultimately seeks in this suit. Such mandatory injunctions are rare and involve significantly heightened standards not met here, especially when issues relating to academic freedom are implicated.

Doe's counsel informed the University last Wednesday that he intended to file this action and seek injunctive relief and a TRO, and has since provided some information about Doe's contemplated arguments.  While the University immediately began drafting its opposition to the application for TRO, and requested pre-filing copies of the relevant papers in order to expedite matters, Doe did not provide the actual or any draft complaint or briefing until those documents were filed and served just after 5 p.m. yesterday.  The University therefore respectfully requests a brief additional amount of time to tailor its response to Plaintiff's actual filed documents, in order to be most helpful to the Court.

As such, we request that the Court allow the University to file an Opposition to Plaintiff's application for TRO by Friday April 16, 2020, at 5 p.m. or, without entering a TRO, set any other schedule on which Your Honor would like to receive Princeton's response.

Undersigned counsel is available at the Court's convenience, by email, kastenberg@ballardspahr.com, or by cell phone, 215.913.0350.

Thank you for your courtesy and consideration in this matter.

Respectfully submitted,

*/s/ Stephen J. Kastenberg*

Stephen J. Kastenberg