# EXHIBIT B

> Code of Federal Regulations
> Title 34. Education
> Subtitle B. Regulations of the Offices of the Department of Education
> Chapter I. Office for Civil Rights, Department of Education
> Part 106. Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance (Refs & Annos)
> Subpart D. Discrimination on the Basis of Sex in Education Programs or Activities Prohibited (Refs & Annos)

34 C.F.R. § 106.45

§ 106.45 Grievance process for formal complaints of sexual harassment.

Effective: August 14, 2020
Currentness

<Text of section added by 85 FR 30575, effective Aug. 14, 2020.>

(a) Discrimination on the basis of sex. A recipient's treatment of a complainant or a respondent in response to a formal complaint of sexual harassment may constitute discrimination on the basis of sex under title IX.

(b) Grievance process. For the purpose of addressing formal complaints of sexual harassment, a recipient's grievance process must comply with the requirements of this section. Any provisions, rules, or practices other than those required by this section that a recipient adopts as part of its grievance process for handling formal complaints of sexual harassment as defined in § 106.30, must apply equally to both parties.

(1) Basic requirements for grievance process. A recipient's grievance process must—

(i) Treat complainants and respondents equitably by providing remedies to a complainant where a determination of responsibility for sexual harassment has been made against the respondent, and by following a grievance process that complies with this section before the imposition of any disciplinary sanctions or other actions that are not supportive measures as defined in § 106.30, against a respondent. Remedies must be designed to restore or preserve equal access to the recipient's education program or activity. Such remedies may include the same individualized services described in § 106.30 as "supportive measures"; however, remedies need not be non-disciplinary or non-punitive and need not avoid burdening the respondent;

(ii) Require an objective evaluation of all relevant evidence—including both inculpatory and exculpatory evidence—and provide that credibility determinations may not be based on a person's status as a complainant, respondent, or witness;

(iii) Require that any individual designated by a recipient as a Title IX Coordinator, investigator, decision-maker, or any person designated by a recipient to facilitate an informal resolution process, not have a conflict of interest or bias for or against complainants or respondents generally or an individual complainant or respondent. A recipient must ensure that Title IX Coordinators, investigators, decision-makers, and any person who facilitates an informal resolution process,

receive training on the definition of sexual harassment in § 106.30, the scope of the recipient's education program or activity, how to conduct an investigation and grievance process including hearings, appeals, and informal resolution processes, as applicable, and how to serve impartially, including by avoiding prejudgment of the facts at issue, conflicts of interest, and bias. A recipient must ensure that decision-makers receive training on any technology to be used at a live hearing and on issues of relevance of questions and evidence, including when questions and evidence about the complainant's sexual predisposition or prior sexual behavior are not relevant, as set forth in paragraph (b)(6) of this section. A recipient also must ensure that investigators receive training on issues of relevance to create an investigative report that fairly summarizes relevant evidence, as set forth in paragraph (b)(5)(vii) of this section. Any materials used to train Title IX Coordinators, investigators, decision-makers, and any person who facilitates an informal resolution process, must not rely on sex stereotypes and must promote impartial investigations and adjudications of formal complaints of sexual harassment;

(iv) Include a presumption that the respondent is not responsible for the alleged conduct until a determination regarding responsibility is made at the conclusion of the grievance process;

(v) Include reasonably prompt time frames for conclusion of the grievance process, including reasonably prompt time frames for filing and resolving appeals and informal resolution processes if the recipient offers informal resolution processes, and a process that allows for the temporary delay of the grievance process or the limited extension of time frames for good cause with written notice to the complainant and the respondent of the delay or extension and the reasons for the action. Good cause may include considerations such as the absence of a party, a party's advisor, or a witness; concurrent law enforcement activity; or the need for language assistance or accommodation of disabilities;

(vi) Describe the range of possible disciplinary sanctions and remedies or list the possible disciplinary sanctions and remedies that the recipient may implement following any determination of responsibility;

(vii) State whether the standard of evidence to be used to determine responsibility is the preponderance of the evidence standard or the clear and convincing evidence standard, apply the same standard of evidence for formal complaints against students as for formal complaints against employees, including faculty, and apply the same standard of evidence to all formal complaints of sexual harassment;

(viii) Include the procedures and permissible bases for the complainant and respondent to appeal;

(ix) Describe the range of supportive measures available to complainants and respondents; and

(x) Not require, allow, rely upon, or otherwise use questions or evidence that constitute, or seek disclosure of, information protected under a legally recognized privilege, unless the person holding such privilege has waived the privilege.

(2) Notice of allegations—

(i) Upon receipt of a formal complaint, a recipient must provide the following written notice to the parties who are known:

   (A) Notice of the recipient's grievance process that complies with this section, including any informal resolution process.

(B) Notice of the allegations of sexual harassment potentially constituting sexual harassment as defined in § 106.30, including sufficient details known at the time and with sufficient time to prepare a response before any initial interview. Sufficient details include the identities of the parties involved in the incident, if known, the conduct allegedly constituting sexual harassment under § 106.30, and the date and location of the alleged incident, if known. The written notice must include a statement that the respondent is presumed not responsible for the alleged conduct and that a determination regarding responsibility is made at the conclusion of the grievance process. The written notice must inform the parties that they may have an advisor of their choice, who may be, but is not required to be, an attorney, under paragraph (b)(5)(iv) of this section, and may inspect and review evidence under paragraph (b)(5)(vi) of this section. The written notice must inform the parties of any provision in the recipient's code of conduct that prohibits knowingly making false statements or knowingly submitting false information during the grievance process.

(ii) If, in the course of an investigation, the recipient decides to investigate allegations about the complainant or respondent that are not included in the notice provided pursuant to paragraph (b)(2)(i)(B) of this section, the recipient must provide notice of the additional allegations to the parties whose identities are known.

(3) Dismissal of a formal complaint—

(i) The recipient must investigate the allegations in a formal complaint. If the conduct alleged in the formal complaint would not constitute sexual harassment as defined in § 106.30 even if proved, did not occur in the recipient's education program or activity, or did not occur against a person in the United States, then the recipient must dismiss the formal complaint with regard to that conduct for purposes of sexual harassment under title IX or this part; such a dismissal does not preclude action under another provision of the recipient's code of conduct.

(ii) The recipient may dismiss the formal complaint or any allegations therein, if at any time during the investigation or hearing: A complainant notifies the Title IX Coordinator in writing that the complainant would like to withdraw the formal complaint or any allegations therein; the respondent is no longer enrolled or employed by the recipient; or specific circumstances prevent the recipient from gathering evidence sufficient to reach a determination as to the formal complaint or allegations therein.

(iii) Upon a dismissal required or permitted pursuant to paragraph (b)(3)(i) or (b)(3)(ii) of this section, the recipient must promptly send written notice of the dismissal and reason(s) therefor simultaneously to the parties.

(4) Consolidation of formal complaints. A recipient may consolidate formal complaints as to allegations of sexual harassment against more than one respondent, or by more than one complainant against one or more respondents, or by one party against the other party, where the allegations of sexual harassment arise out of the same facts or circumstances. Where a grievance process involves more than one complainant or more than one respondent, references in this section to the singular "party," "complainant," or "respondent" include the plural, as applicable.

(5) Investigation of a formal complaint. When investigating a formal complaint and throughout the grievance process, a recipient must—

(i) Ensure that the burden of proof and the burden of gathering evidence sufficient to reach a determination regarding responsibility rest on the recipient and not on the parties provided that the recipient cannot access, consider, disclose, or otherwise use a party's records that are made or maintained by a physician, psychiatrist, psychologist, or other recognized professional or paraprofessional acting in the professional's or paraprofessional's capacity, or assisting in that capacity, and which are made and maintained in connection with the provision of treatment to the party, unless the recipient obtains that party's voluntary, written consent to do so for a grievance process under this section (if a party is not an "eligible student," as defined in 34 CFR 99.3, then the recipient must obtain the voluntary, written consent of a "parent," as defined in 34 CFR 99.3);

(ii) Provide an equal opportunity for the parties to present witnesses, including fact and expert witnesses, and other inculpatory and exculpatory evidence;

(iii) Not restrict the ability of either party to discuss the allegations under investigation or to gather and present relevant evidence;

(iv) Provide the parties with the same opportunities to have others present during any grievance proceeding, including the opportunity to be accompanied to any related meeting or proceeding by the advisor of their choice, who may be, but is not required to be, an attorney, and not limit the choice or presence of advisor for either the complainant or respondent in any meeting or grievance proceeding; however, the recipient may establish restrictions regarding the extent to which the advisor may participate in the proceedings, as long as the restrictions apply equally to both parties;

(v) Provide, to a party whose participation is invited or expected, written notice of the date, time, location, participants, and purpose of all hearings, investigative interviews, or other meetings, with sufficient time for the party to prepare to participate;

(vi) Provide both parties an equal opportunity to inspect and review any evidence obtained as part of the investigation that is directly related to the allegations raised in a formal complaint, including the evidence upon which the recipient does not intend to rely in reaching a determination regarding responsibility and inculpatory or exculpatory evidence whether obtained from a party or other source, so that each party can meaningfully respond to the evidence prior to conclusion of the investigation. Prior to completion of the investigative report, the recipient must send to each party and the party's advisor, if any, the evidence subject to inspection and review in an electronic format or a hard copy, and the parties must have at least 10 days to submit a written response, which the investigator will consider prior to completion of the investigative report. The recipient must make all such evidence subject to the parties' inspection and review available at any hearing to give each party equal opportunity to refer to such evidence during the hearing, including for purposes of cross-examination; and

(vii) Create an investigative report that fairly summarizes relevant evidence and, at least 10 days prior to a hearing (if a hearing is required under this section or otherwise provided) or other time of determination regarding responsibility, send to each party and the party's advisor, if any, the investigative report in an electronic format or a hard copy, for their review and written response.

(6) Hearings.

(i) For postsecondary institutions, the recipient's grievance process must provide for a live hearing. At the live hearing, the decision-maker(s) must permit each party's advisor to ask the other party and any witnesses all relevant questions and follow-up questions, including those challenging credibility. Such cross-examination at the live hearing must be conducted directly, orally, and in real time by the party's advisor of choice and never by a party personally, notwithstanding the discretion of the recipient under paragraph (b)(5)(iv) of this section to otherwise restrict the extent to which advisors may participate in the proceedings. At the request of either party, the recipient must provide for the live hearing to occur with the parties located in separate rooms with technology enabling the decision-maker(s) and parties to simultaneously see and hear the party or the witness answering questions. Only relevant cross-examination and other questions may be asked of a party or witness. Before a complainant, respondent, or witness answers a cross-examination or other question, the decision-maker(s) must first determine whether the question is relevant and explain any decision to exclude a question as not relevant. If a party does not have an advisor present at the live hearing, the recipient must provide without fee or charge to that party, an advisor of the recipient's choice, who may be, but is not required to be, an attorney, to conduct cross-examination on behalf of that party. Questions and evidence about the complainant's sexual predisposition or prior sexual behavior are not relevant, unless such questions and evidence about the complainant's prior sexual behavior are offered to prove that someone other than the respondent committed the conduct alleged by the complainant, or if the questions and evidence concern specific incidents of the complainant's prior sexual behavior with respect to the respondent and are offered to prove consent. If a party or witness does not submit to cross-examination at the live hearing, the decision-maker(s) must not rely on any statement of that party or witness in reaching a determination regarding responsibility; provided, however, that the decision-maker(s) cannot draw an inference about the determination regarding responsibility based solely on a party's or witness's absence from the live hearing or refusal to answer cross-examination or other questions. Live hearings pursuant to this paragraph may be conducted with all parties physically present in the same geographic location or, at the recipient's discretion, any or all parties, witnesses, and other participants may appear at the live hearing virtually, with technology enabling participants simultaneously to see and hear each other. Recipients must create an audio or audiovisual recording, or transcript, of any live hearing and make it available to the parties for inspection and review.

(ii) For recipients that are elementary and secondary schools, and other recipients that are not postsecondary institutions, the recipient's grievance process may, but need not, provide for a hearing. With or without a hearing, after the recipient has sent the investigative report to the parties pursuant to paragraph (b)(5)(vii) of this section and before reaching a determination regarding responsibility, the decision-maker(s) must afford each party the opportunity to submit written, relevant questions that a party wants asked of any party or witness, provide each party with the answers, and allow for additional, limited follow-up questions from each party. With or without a hearing, questions and evidence about the complainant's sexual predisposition or prior sexual behavior are not relevant, unless such questions and evidence about the complainant's prior sexual behavior are offered to prove that someone other than the respondent committed the conduct alleged by the complainant, or if the questions and evidence concern specific incidents of the complainant's prior sexual behavior with respect to the respondent and are offered to prove consent. The decision-maker(s) must explain to the party proposing the questions any decision to exclude a question as not relevant.

(7) Determination regarding responsibility.

(i) The decision-maker(s), who cannot be the same person(s) as the Title IX Coordinator or the investigator(s), must issue a written determination regarding responsibility. To reach this determination, the recipient must apply the standard of evidence described in paragraph (b)(1)(vii) of this section.

(ii) The written determination must include—

(A) Identification of the allegations potentially constituting sexual harassment as defined in § 106.30;

(B) A description of the procedural steps taken from the receipt of the formal complaint through the determination, including any notifications to the parties, interviews with parties and witnesses, site visits, methods used to gather other evidence, and hearings held;

(C) Findings of fact supporting the determination;

(D) Conclusions regarding the application of the recipient's code of conduct to the facts;

(E) A statement of, and rationale for, the result as to each allegation, including a determination regarding responsibility, any disciplinary sanctions the recipient imposes on the respondent, and whether remedies designed to restore or preserve equal access to the recipient's education program or activity will be provided by the recipient to the complainant; and

(F) The recipient's procedures and permissible bases for the complainant and respondent to appeal.

(iii) The recipient must provide the written determination to the parties simultaneously. The determination regarding responsibility becomes final either on the date that the recipient provides the parties with the written determination of the result of the appeal, if an appeal is filed, or if an appeal is not filed, the date on which an appeal would no longer be considered timely.

(iv) The Title IX Coordinator is responsible for effective implementation of any remedies.

(8) Appeals.

(i) A recipient must offer both parties an appeal from a determination regarding responsibility, and from a recipient's dismissal of a formal complaint or any allegations therein, on the following bases:

(A) Procedural irregularity that affected the outcome of the matter;

(B) New evidence that was not reasonably available at the time the determination regarding responsibility or dismissal was made, that could affect the outcome of the matter; and

(C) The Title IX Coordinator, investigator(s), or decision-maker(s) had a conflict of interest or bias for or against complainants or respondents generally or the individual complainant or respondent that affected the outcome of the matter.

(ii) A recipient may offer an appeal equally to both parties on additional bases.

(iii) As to all appeals, the recipient must:

(A) Notify the other party in writing when an appeal is filed and implement appeal procedures equally for both parties;

(B) Ensure that the decision-maker(s) for the appeal is not the same person as the decision-maker(s) that reached the determination regarding responsibility or dismissal, the investigator(s), or the Title IX Coordinator;

(C) Ensure that the decision-maker(s) for the appeal complies with the standards set forth in paragraph (b)(1)(iii) of this section;

(D) Give both parties a reasonable, equal opportunity to submit a written statement in support of, or challenging, the outcome;

(E) Issue a written decision describing the result of the appeal and the rationale for the result; and

(F) Provide the written decision simultaneously to both parties.

(9) Informal resolution. A recipient may not require as a condition of enrollment or continuing enrollment, or employment or continuing employment, or enjoyment of any other right, waiver of the right to an investigation and adjudication of formal complaints of sexual harassment consistent with this section. Similarly, a recipient may not require the parties to participate in an informal resolution process under this section and may not offer an informal resolution process unless a formal complaint is filed. However, at any time prior to reaching a determination regarding responsibility the recipient may facilitate an informal resolution process, such as mediation, that does not involve a full investigation and adjudication, provided that the recipient—

(i) Provides to the parties a written notice disclosing: The allegations, the requirements of the informal resolution process including the circumstances under which it precludes the parties from resuming a formal complaint arising from the same allegations, provided, however, that at any time prior to agreeing to a resolution, any party has the right to withdraw from the informal resolution process and resume the grievance process with respect to the formal complaint, and any consequences resulting from participating in the informal resolution process, including the records that will be maintained or could be shared;

(ii) Obtains the parties' voluntary, written consent to the informal resolution process; and

(iii) Does not offer or facilitate an informal resolution process to resolve allegations that an employee sexually harassed a student.

(10) Recordkeeping.

WESTLAW   © 2020 Thomson Reuters. No claim to original U.S. Government Works.                              7

(i) A recipient must maintain for a period of seven years records of—

(A) Each sexual harassment investigation including any determination regarding responsibility and any audio or audiovisual recording or transcript required under paragraph (b)(6)(i) of this section, any disciplinary sanctions imposed on the respondent, and any remedies provided to the complainant designed to restore or preserve equal access to the recipient's education program or activity;

(B) Any appeal and the result therefrom;

(C) Any informal resolution and the result therefrom; and

(D) All materials used to train Title IX Coordinators, investigators, decision-makers, and any person who facilitates an informal resolution process. A recipient must make these training materials publicly available on its website, or if the recipient does not maintain a website the recipient must make these materials available upon request for inspection by members of the public.

(ii) For each response required under § 106.44, a recipient must create, and maintain for a period of seven years, records of any actions, including any supportive measures, taken in response to a report or formal complaint of sexual harassment. In each instance, the recipient must document the basis for its conclusion that its response was not deliberately indifferent, and document that it has taken measures designed to restore or preserve equal access to the recipient's education program or activity. If a recipient does not provide a complainant with supportive measures, then the recipient must document the reasons why such a response was not clearly unreasonable in light of the known circumstances. The documentation of certain bases or measures does not limit the recipient in the future from providing additional explanations or detailing additional measures taken.

**Credits**
[85 FR 30575, May 19, 2020]

AUTHORITY: 20 U.S.C. 1681 et seq., unless otherwise noted.

Current through June 11, 2020, 85 FR 35601.

---

**End of Document**  © 2020 Thomson Reuters. No claim to original U.S. Government Works.