IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN DOE, <br><br> Plaintiff, <br><br> v. <br><br> PRINCETON UNIVERSITY, <br><br> Defendant. | CIVIL ACTION <br> NO. 3:20-CV-4352-BRM-TJB <br><br> **ORDER INCLUDING FINDINGS OF FACT AND CONCLUSIONS OF LAW PURSUANT TO LOCAL RULE 5.3** |

The undersigned counsel for Defendant Princeton University (the "University") submits this Proposed Findings of Fact and Conclusions of Law pursuant to Local Civil Rule 5.3 in Support of its Motion to Seal Documents.

### FINDINGS OF FACT

1. On June 24, 2020 the Court placed a transcript of the April 21, 2020 oral argument on the docket under temporary seal and on June 29, 2020 the University filed a Reply Memorandum of Law In Further Support of Its Motion to Dismiss ("Reply Brief" and collectively, "the documents") both of which contain confidential information, public disclosure of which affects legitimate private interests.

2. The documents contain information that is confidential, including information that could compromise the anonymity of a Claimant/co-respondent in a student disciplinary proceeding who is not a party to this case. Certification of S. Kastenberg, ¶8.

3. As set forth in the supporting Certification of Counsel, the University has demonstrated a proper basis for sealing the documents, the potential for a clearly defined and serious injury should the documents not be sealed, and why a less restrictive alternative to sealing is not available. Certification of S. Kastenberg.

4. Both the non-party Claimant/co-respondent described in the documents and the University have legitimate interests, which warrant the sealing of the documents.

5. Both the non-party Claimant/co-respondent and the University would suffer clearly defined and serious injury if the documents were not sealed.

6. A less restrictive means of avoiding injury to the non-party Claimant/co-respondent and the University is not available at this time.

7. There is no prior order sealing the documents.

8. No party or non-party has objected to the University's Motion to Redact and Seal Transcript and File Documents Under Seal.

## CONCLUSIONS OF LAW

1. This Court has the power to seal to prevent the discovery of confidential information to the public. Local Civil Rule 5.3(c) places the burden of proof on the moving party as to why a motion to seal or otherwise restrict public access should be granted. Specifically, it requires a showing of (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest, which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available.

2. The University has satisfied its burden of proving under Local Civil Rule 5.3(c) that the documents are confidential and entitled to protection. *See e.g. Doe v. Rider Univ.*, Civ. A. 3:16-cv-04882-BRM-TJB, 2020 U.S. Dist. LEXIS 25708, at *3 (D.N.J. Feb. 4, 2020) (granting a motion to seal highly personal and sensitive information about non-parties who were students, including education records protected under the Family Educational Rights and Privacy Act (FERPA)); *Painter v. Doe*, No. 3:15-CV-369-MOC-DCK, 2016 U.S. Dist. LEXIS 91003, at *2 (W.D.N.C. July 12, 2016) (granting a motion to seal a transcript of a school disciplinary

hearing because there is a "compelling interest in protecting the privacy of student records, evidenced by the letter and spirit of FERPA."); *Mt. Holly Citizens in Action v. Twp. Of Mount Holly*, Civil Action No. 08-2584 (NLH), 2009 U.S. Dist. LEXIS 11061 (D.N.J. Feb. 13, 2009) (granting motion to seal sensitive personal information of non-parties); *United States v. Miami Univ.*, 91 F. Supp. 2d 1132, 1158 (S.D. Ohio 2000) (holding that "public access will not aid in the functioning of traditionally closed student disciplinary proceedings") .

3.  The information submitted by the University satisfies the standard set forth in Local Civil Rules 5.3(c) and 5.3(g) and there is no less restrictive alternative to sealing the documents.

### ORDER

**IT IS ON THIS** 10th day of July 2020, hereby **ORDERED** that Defendant's Motion to Seal is **GRANTED;** and it is further **ORDERED** that the following items shall remain **SEALED.**

- The transcript of the April 21, 2020 oral argument (ECF 39)
- Defendant's Reply Brief (ECF 40)

The court has reviewed in camera and accepted the redacted version of the transcript submitted via email. It is further **ORDERED** the parties shall provide this order to seal and the redacted version of the transcript to the transcription agency.

BY THE COURT:

*/s/Brian R. Martinotti*

Hon. Brian R. Martinotti, U.S.D.J.