UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN DOE,<br><br>      **Plaintiff,**<br><br>v.<br><br>PRINCETON UNIVERSITY,<br><br>      **Defendant.** | Civil Action No. 20-4352 (BRM)<br><br>MEMORANDUM OPINION |

**BONGIOVANNI, Magistrate Judge**

      Pending before the Court is Plaintiff's Motion to Proceed with the Use of Pseudonyms and for a Protective Order, which would authorize Plaintiff John Doe ("Plaintiff") to proceed under the pseudonym "John Doe" and identify certain other non-parties to this litigation by pseudonym, and to issue a Protective Order, prohibiting Defendant Princeton University ("Defendant"), and all parties in the case, from publicly identifying or disclosing Plaintiff and certain other non-parties' identities in court filings or otherwise. (Docket Entry No. 2).  In addition to himself, Plaintiff requests the Court permit the use of pseudonyms to protect the identities of the complainant from the underlying disciplinary proceeding ("Jane Roe"), as well as other student non-parties. Plaintiff's motion is unopposed.  The Court has fully reviewed and considered all arguments made in support of Plaintiff's motion.  For the reasons set forth more fully below, Plaintiff's motion is GRANTED.

      **I.**    **Background and Procedural History**

      Plaintiff brings this action under Title IX of the Education Amendments Act of 1972, 20 U.S.C. §§ 1681 et seq. ("Title IX"), as well as Defendant's own internal Title IX policies pursuant to New Jersey State Law, against Defendants for their actions concerning the investigation and adjudication of Plaintiff's alleged involvement in intimate partner violence against his ex-

1

girlfriend. (Pl. Br. at 5; Docket Entry No. 2-3). The same day Plaintiff filed his Complaint, Plaintiff submitted an unopposed Motion to Proceed with the Use of Pseudonyms and for a Protective Order. (*Id.*)

Plaintiff is challenging Defendant's investigation regarding allegations of intimate partner violence brought against him by his ex-girlfriend, Jane Roe ("Jane"). The relevant events are as follows: Plaintiff and Jane, undergraduate students at Princeton University, dated for a period of time, but their relationship quickly turned intense and volatile. (ECF No. 1 at ¶ 17.) This hostility carried over into their sexual relationship, where Plaintiff and Jane consistently engaged in consensual choking, spanking, and other behaviors that could be classified as BDSM. (*Id*. at ¶ 20.) After Jane informed Plaintiff she had cheated on him, he decided to end their relationship. (*Id*. at ¶ 24-27.) Later Jane learned that Plaintiff had also cheated on her, and she told her friends she had broken up with Plaintiff because he was physically abusive and because she was in an "unsafe relationship." (*Id*. at ¶ 28, 30.) Jane met with the Director of Gender Equity and Title IX Administration and told her she had been a victim of "Intimate Relationship Violence" by Plaintiff. (*Id*. at ¶ 37.)

Defendants proceeded by opening an investigation against Plaintiff and subsequently concluded there was sufficient information to substantiate the abuse alleged by Jane, but not sufficient information to substantiate the abuse from Jane alleged by Plaintiff. (*Id*. at ¶ 55-56.) Consequentially, Defendants sent a notice to Plaintiff informing him of his expulsion. (*Id*. at ¶ 58.) Plaintiff's appeal of the decision was denied, leading him to initiate this litigation and claim that Defendant's disciplinary investigation was flawed and that his allegations of intimate partner violence perpetrated by Jane were not fairly addressed. (*Id*. at ¶ 63.) Given the nature of the

underlying proceeding and of this litigation, which involves highly sensitive and personal matters, Plaintiff filed the instant motion to proceed under a pseudonym.

## II.     Legal Standard

Federal Rule of Civil Procedure 10 requires plaintiffs to identify their real names in the Complaint.  "[A] plaintiff's use of a pseudonym 'runs afoul of the public's common law right of access to judicial proceedings.'" *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (quoting *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000)).  However, courts have allowed plaintiffs to proceed pseudonymously when the plaintiff can demonstrate (1) "a fear of severe harm" from the public disclosure of his name and (2) "that the fear of severe harm is reasonable." *Id.*  Crucially, a plaintiff's fear that he may "suffer embarrassment or economic harm" is insufficient to permit the use of a pseudonym. *Id.* (quoting *Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 371 n. 2 (3d Cir. 2008)).

In *Megless*, the Third Circuit adopted the nine-factor test for the use of pseudonyms that was first articulated in *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997) (the "Provident Life" test).  The court emphasized that the nine factors are non-exhaustive and directed courts to consider the facts and particular circumstances of each case in determining whether to grant a request to proceed under a pseudonym. *Id*. at 409-410.  The factors that weigh in favor of granting anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant[s'] identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being

> publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Provident Life,* 176 F.R.D. at 467-68.  The factors that weigh against granting anonymity include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is legitimately motivated.

*Id*.  Since only exceptional circumstances will warrant the use of a pseudonym, courts must exercise their discretion in determining when these circumstances outweigh the strong public interest in open litigation.  Exceptional circumstances justify the use of a pseudonym when a reasonable fear of severe harm outweighs the strong public interest in open litigation.  Examples of cases where courts have allowed parties to proceed under a pseudonym include those involving "'abortion, birth control, transsexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality'" as well as cases involving victims of sexual assault. *Id*. (quoting *Doe v. Borough of Morrisville*, 130 F.R.D. 612, 614 (E.D. Pa. 1990)); *Doe v. Princeton Univ.*, Civil Action No. 19-7853 (BRM), 2019 WL 5587327, at *2 (D.N.J. Oct. 30, 2019).

### III. Analysis

Under the nine-factor *Provident Life* test, the Court begins by examining the factors that weigh in favor of granting use of a pseudonym.  The Court first considers the extent to which Plaintiff's identity has been kept confidential, and whether Plaintiff has been attempting to remain confidential.  Courts have found that a litigant has made substantial efforts to maintain anonymity where that litigant has limited his disclosure of the sensitive information to few other people.  *See, e.g.*, *Princeton Univ.*, 2019 WL 5587327, at *3 (finding that plaintiff, who allegedly sexually assaulted his ex-girlfriend, remained sufficiently anonymous since he had only spoken of the

4

allegations to his parents, the witnesses to the Title IX case, and his legal counsel). *Cf. Doe v. Rider Univ.*, Civil Action No. 16-4882, 2018 WL 3756950, at *8 (D.N.J. Aug. 7, 2018) (finding that plaintiff's willingness to engage with the media supports denial of a request to proceed anonymously). The strength of this factor increases in favor of proceeding pseudonymously when a litigant has taken prior steps to ensure anonymity within the judicial system. *See Doe v. Oshrin*, 299 F.R.D. 100, 103 (D.N.J. 2014) (finding that plaintiff, a child pornography victim, had kept her identity confidential through the criminal proceeding against the defendant, further supporting her motion for to proceed anonymously).

In this case, the Court finds that the first factor weighs in favor of granting Plaintiff permission to proceed under a pseudonym. Plaintiff states that he has limited the disclosure of this matter to his immediate family and friends, the relevant identified witnesses, the adviser provided by Princeton, and his legal counsel. (Docket Entry No. 2-3 at 11). Unlike the plaintiff in *Rider*, Plaintiff has avoided media attention and has also refrained from referencing the matter on social media. *Id*. The Court therefore finds that this factor weighs in favor of granting Plaintiff's motion.

The second factor considers the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases. This ultimately asks whether disclosure of plaintiff's name would lead to a reasonable fear of severe harm. This Court has held that fear of social stigmatization, loss of employment opportunity, or loss of educational opportunity are insufficient to support a plaintiff's request for anonymity. *See Rider Univ.*, 2018 WL 3756950, at *4. The Court finds that this factor weighs in favor of Plaintiff's motion because of his status as an alleged victim of intimate partner violence, not because of his status as an alleged perpetrator of intimate partner violence. In addressing Plaintiff's status as an alleged perpetrator of intimate partner violence, or his fears of social stigmatization, the Court does not find that this factor favors

Plaintiff's motion, since these fears do not amount to reasonable fears of severe harm. Only exceptional cases will warrant the use of a pseudonym, and victims of sexual assault have been deemed members of a vulnerable class worthy of protected status. *See Princeton Univ.*, 2019 WL 5587327, at *3-4 (finding this factor weighs in favor of plaintiff because of his status as an alleged victim of sexual assault, making him a vulnerable class worthy of protected status); *Doe v. Trishul Consultancy, LLC*, Civil Action No. 18-16468 (FLW) (ZNQ), 2019 WL 4750078, at *4 (D.N.J. Sept. 30, 2019) (finding this factor weighs in favor of granting anonymity because disclosure of the sexual assault victim's identity carries a concrete risk of severe emotional harm and revictimization).

Relying on *Megless*, this Court has held that a litigant's fear of social stigmatization as an alleged perpetrator of sexual assault does not rise to the requisite level favoring anonymity, nor does related embarrassment or economic harm. *See, generally, Rider*, 2018 WL 3756950 (D.N.J. 2018). In *Megless*, the plaintiff sought to proceed under a pseudonym, arguing that he feared people would believe he was a pedophile due to defendant's distribution of a flyer identifying and characterizing him as a dangerous and potentially mentally unstable individual. *Megless*, 654 F.3d at 406-07. The *Megless* court, however, clarified that whether or not plaintiff was a pedophile was not at issue in the case; rather, the case sought to determine the propriety of the defendants' distribution of flyers cautioning the public about the plaintiff's presence in school zones. *Id.* The court also noted that open litigation, without the use of pseudonyms, afforded the plaintiff an opportunity to "clear his name" from any conceptions that he was a pedophile. *Id.* As a result, the *Megless* court found that the plaintiff had not met his burden of showing that this factor weighed in favor of granting him anonymity.

This Court has similarly clarified that, like in *Megless*, the issue here is not whether Plaintiff committed a sexual act, but whether or not Princeton subjected Plaintiff to an unfair disciplinary proceeding. Here Plaintiff's claims of stigmatization, embarrassment, humiliation, and distress associated with being accused of sexual assault do not favor anonymity. As articulated in *Princeton Univ.*, "open litigation will provide Plaintiff the opportunity to establish that the University's disciplinary proceedings were unfair and that he should not have been disciplined for violating the its policies." *Princeton Univ.*, 2019 WL 5587327 at *4. Like in *Rider Univ.*, where an alleged perpetrator of sexual assault argued that fear of reputational harm was reasonable and severe, Plaintiff's fears, though reasonable, amount to little more than a fear of embarrassment or economic harm. *Rider Univ.*, 2018 WL 3756950 at *5. As the Third Circuit noted in *Megless*, fears of "embarrassment or economic harm" do not, without more, outweigh the strong public interest in open litigation. *Megless*, 654 F.3d at 408. As such, the Court finds that this factor as to Plaintiff's status as an alleged perpetrator of sexual assault, does not weigh in favor of Plaintiff's motion.

However, Plaintiff also claims to have been the victim of intimate partner violence. Indeed, Plaintiff alleges that he, himself, was a victim of intimate partner violence perpetrated by Jane, and that Defendants failed to bring any disciplinary action against her. (Compl. ¶ 116-123; Docket Entry No. 2-3 at 13). In *Princeton Univ.*, this Court found that the second factor favored proceeding anonymously where the plaintiff claimed to be an alleged victim of sexual assault, although he was also an alleged perpetrator of sexual assault. *Princeton Univ.*, 2019 WL 5587327 at *4. Victims of sexual assault have been deemed a vulnerable class worthy of protected status. As a result, the Court finds that under the circumstances presented, this factor weighs in favor of granting Plaintiff's motion.

7

The third factor considers the public's interest in maintaining the litigant's confidentiality. The Court finds this factor to slightly weigh in favor of granting Plaintiff's motion. The public may have an interest in maintaining a litigant's confidentiality when the litigant belongs to a particularly vulnerable class, when the subject matter is highly personal, or when undesirable consequences will flow from revealing the identity of a litigant. When the public has an interest in protecting the identity of a litigant this factor may favor anonymity.

Even if these considerations are present, however, the Court must still analyze the facts to determine if the public interest favors anonymity in the particular case at hand. Courts have varied when addressing alleged perpetrators of sexual assault. *Compare Doe v. Trs. of Univ. of Pa.,* No. 2:16-cv-05088-JP (E.D. Pa. Sept. 26, 2016) (finding that the public interest favored anonymity in light of the private and sensitive nature of the matter), with *Doe v. Temple Univ.*, Civil Action No. 14-04729, 2014 WL 4375613, *2 (E.D. Pa. Sept. 3, 2014) (finding that public interest did not favor anonymity). This Court recognizes that there are factors present that weigh both in favor of and against anonymity regarding the public's interest in maintaining anonymity for alleged perpetrators of sexual assault. However, as noted above, Plaintiff's claims against Princeton also include allegations in which he is a victim of intimate partner violence. As a result, the Court finds that this factor weighs in favor of granting Plaintiff's motion.

The fourth factor considers whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities. This factor does not weigh in favor of Plaintiff's motion because the allegations in the Complaint are largely fact-dependent. When a case raises questions that are purely legal there is an atypically weak public interest in the identity of the litigants. *See L.A. v. Hoffman*, Civil Action No. 14-6895 (FLW) (DEA), 2015 WL 4461852, *2 (D.N.J. July 21, 2015) (granting plaintiffs'

8

request to proceed anonymously in part because "Plaintiffs br[ought] a constitutional challenge to a statute as it applies to a general class of people and therefore the individual facts and circumstances surrounding each Plaintiff [we]re not of central importance to Plaintiffs' claims.") In contrast, this case involves fact-specific questions regarding alleged intimate partner violence and Princeton's handling of the information it was provided, which does not favor use of a pseudonym. *Princeton Univ.*, 2019 WL 5587327, at *5. The Court is not faced with a purely legal question like in *Hoffman*, and, therefore, this factor does not weigh in favor of Plaintiff's request to proceed under a pseudonym.

      The fifth factor considers the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified. The Court appreciates that certain plaintiffs would sacrifice bringing a potentially valid claim to avoid public disclosure of their involvement with a case. In *Megless*, the court recognized that it would harm the public if plaintiffs who wished to bring challenges against public officials for alleged abuses of power were to forego bringing their claims to preserve their anonymity. *Megless*, 654 F.3d at 410. While the Third Circuit found that this factor favored granting anonymity, the court also held that, standing alone, it was not enough to outweigh the public interest in open litigation. *Id.* at 410-11 (noting that "a plaintiff's stubborn refusal to litigate openly by itself cannot outweigh the public's interest in open trials"). Plaintiff here has indicated that if forced to proceed under his real name, he "may be deterred from pursuing this case and vindicating his rights" due to the fear of backlash or condemnation surrounding allegations of intimate partner violence. (Pl. Br. at 14). Again, however, "no matter how sincere, a plaintiff's 'refusal to litigate openly by itself cannot outweigh the public's interest in open trials.'" *Temple Univ.*, 2014 WL 4375613, at *2 (quoting *Megless*, 654 F.3d at 410-11).

9

Plaintiff also argues that other similarly situated plaintiffs will be deterred from bringing these cases should they have to do so openly. Plaintiff argues that these similarly situated individuals, "those falsely accused of abuse, subjected to a prejudicial investigation, and disproportionately penalized", may be deterred from turning to the court to exonerate themselves. (Docket Entry No. 2-3 at 14). The Court, however, is not entirely persuaded by this argument as several similarly situated plaintiffs have chosen to bring suits in their own names. *See Temple Univ.,* 2014 WL 4375613, at *2 (noting that "[t]here are many examples of plaintiffs proceeding with suits in their own names protesting sexual assault discipline from universities."). The Court is not convinced that denying Plaintiff's motion would deter others from brining similar suits, and, as a result, finds this factor to be neutral.

The sixth factor considers whether the plaintiff has illegitimate or ulterior motives in his request for anonymity. Plaintiff alleges that his request is based on the intimate subject matter at issue concerning aspects of Plaintiff and Jane's sexual relationship as well as his fear of severe stigma associated with being accused of intimate partner violence should he proceed openly. (Pl. Br. at 15). As this Court has previously found, these fears "have a reasonable basis given the nature of the allegations against him in the underlying disciplinary proceeding." *Princeton Univ.*, 2019 WL 5587327 at *6. The Court finds no reason to believe that Plaintiff has illegitimate or ulterior motives in seeking anonymity. Therefore, this factor supports anonymity.

Next the Court turns to the factors that weigh against allowing a litigant to proceed anonymously. In this regard, the Court first considers the universal level of public interest in access to the litigants' identities. The public generally has a high level of interest in knowing litigants' identities. *Temple Univ.*, 2014 WL 4375613 at *1 (citing *Megless*, 654 F.3d at 408). The publicness of proceedings is an essential quality of judicial proceedings. *Megless*, 654 F.3d at 408

(noting that "'[O]ne of the essential qualities of a Court of Justice [is] that its proceedings should be public.'" *Daubney v. Cooper*, 109 Eng. Rep. 438, 441 (K.B. 1829)). People have a well-recognized right to know who is using their courts. *Id.*; *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997); *Temple Univ.*, 2014 WL 4375613, at *2. This factor weighs against Plaintiff's motion for permission to proceed under a pseudonym.

Next, the Court considers whether, because of the subject matter of the litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing Plaintiff's identity, beyond the public's interest which is normally obtained. As this Court has noted in the past, the subject matter of this litigation is "unfortunately common[.]" *Rider Univ.*, 2018 WL 3756950, at *7. Furthermore, Plaintiff is not a public figure. The Court finds that there is no reason that the public interest is heightened beyond its typically strong interest in public proceedings. As such, this factor does not weigh against Plaintiff's request to proceed anonymously.

Lastly, the Court considers whether the opposition to Plaintiff's requested use of a pseudonym by counsel, the public, or the press is legitimately motivated. The Defendants in this case have not contested Plaintiff's motion, and the Court has not received any opposition from the public or the press. Therefore, this factor does not weigh against Plaintiff's motion.

After careful analysis, on balance, the Court finds that the *Provident Life* factors weigh in favor of allowing Plaintiff to proceed anonymously through the use of a pseudonym. The Court also finds that the victim in the underlying proceeding, "Jane Roe" shall continue to be referred to as such. While the Court stresses the importance of open judicial proceedings, it recognizes the unique circumstances present in this case, including the fact that Plaintiff claims to be a victim of intimate partner violence.

## IV. Conclusion

For the reasons stated above, Plaintiff's motion to proceed under a pseudonym and for a protective order is GRANTED. An appropriate Order follows.

Dated: July 13, 2020

                                                s/Tonianne J. Bongiovanni
                                                **HONORABLE TONIANNE J. BONGIOVANNI**
                                                **UNITED STATES MAGISTRATE JUDGE**