

# GLENN AGRE BERGMAN & FUENTES

Jewel K. Tewiah
jtewiah@glennagre.com

1185 Avenue of the Americas, 22nd Floor
New York, NY 10036
212.970.1620

February 3, 2022

<u>By Electronic Filing</u>

Honorable Rukhsanah L. Singh, U.S.M.J.
United States District Court for the District of New Jersey
402 East State Street
Court Room 7W
Trenton, NJ 08608

Re:     <u>*John Doe v. Princeton University*</u>, Case No. 3:20-cv-04352-MAS-RLS

Dear Judge Singh:

The undersigned, as counsel for the respective parties in this action, submit this letter setting forth the status of discovery.

To date, the parties have exchanged initial document productions and will continue to exchange documents on a rolling basis.  The parties have also exchanged correspondence concerning claimed deficiencies in each party's document production.  The parties will endeavor to resolve such disputes among themselves.

The parties appear, however, to be at an impasse concerning the below issue.

## 1.  Doe's objections to Princeton's Request for Production No. 3.

Doe objects to Princeton's Request for Production No. 3, which seeks"[a]ll Communications dated from September 1, 2019 through the present involving or pertaining to Roe."  In response to this Request, Doe stated he would only produce "non-privileged communications concerning Roe that are relevant to this Action."  Doe has since clarified that by that he means that he will produce only "communications relating to the Title IX adjudication of his and Roe's claims and communications related to allegations of intimate partner violence" in response to this Request.

Princeton objects to Doe's refusal to produce communications beyond those "relating to the Title IX adjudication of his and Roe's claims and communications related to allegations of intimate partner violence" in response to this Request.  The Request only seeks documents dated on or after September 1, 2019 — a few days before Roe reported Doe's alleged misconduct to Princeton's Title IX office.  Given this time limitation, and that Roe and Doe were not in a romantic relationship during this time frame, all communications requested are relevant and proportional as they encompass Doe's statements regarding Roe after he was aware of her allegations of intimate relationship violence against him.  Such communications about Roe

Honorable Rukhsanah L. Singh,
U.S.M.J.
February 3, 2023
Page 2 of 3

**GLENN AGRE BERGMAN & FUENTES** 

could, for example, bear on the credibility of Doe as a witness.  Although Doe does not complain based on proportionality, we note that Princeton would not expect there to be more than a modest number of such communications, and the Request is proportional to the needs of Princeton to defend itself against Doe's allegations against it.  Should the parties be unable to reach agreement on this issue, Princeton is prepared to engage in motion practice.

Doe's position is that he will only produce responsive communications relevant or probative to the allegations in his complaint.  This aligns with his disclosure obligations under the Federal Rules of Civil Procedure, which mandates that discovery should not only be relevant to the parties' claims and defenses, but also proportional.  Princeton's only articulated basis for seeking communications beyond what Doe has agreed to produce is that these other communications "*could* . . . bear on the credibility of Doe as witness" (emphasis added). This case, however, concerns Princeton's Title IX adjudication. Any communications involving or pertaining to Roe that were not considered by nor in the possession of the Panel when it issued its decision is neither relevant nor probative of the sufficiency of the Panel's determination or the policies and procedures it applied. Princeton is attempting to buttress the Panel's discriminatory adjudication by fishing expedition, hoping to find post-hoc evidence to support an otherwise unsupported Panel determination.

## 2. Discovery Confidentiality Order

The parties have agreed to amend the Discovery Confidentiality Order (Dkt. No. 98) to allow Princeton's in-house attorney(s) to view documents designated as Attorneys' Eyes Only and will submit a proposed Amended Discovery Confidentiality Order to the Court.

Respectfully submitted,

Dated:   February 3, 2023

GLENN AGRE BERGMAN & FUENTES LLP

By:  s/ *Jewel K. Tewiah*
      Jewel K. Tewiah
      Michael Paul Bowen (admitted *pro hac vice*)
      Edward E. Shapiro (admitted *pro hac vice*)
      1185 Avenue of the Americas, 22nd Fl
      New York, New York 10036
      mbowen@glennagre.com
      eshapiro@glennagre.com
      jtewiah@glennagre.com
      212 970-1620

Honorable Rukhsanah L. Singh,
U.S.M.J.
February 3, 2023
Page 3 of 3

# GLENN AGRE BERGMAN & FUENTES 

William E. Denver
The Denver Law Firm LLC
331 Newman Springs Road
Bld. 1, 4th Floor, Ste 143
Red Bank, New Jersey 07701
wdenver@thedenverlawfirm.net

*Attorneys for Plaintiff John Doe*

*s/ Elizabeth V. Wingfield*
Stephen J. Kastenberg (026001993)
Elizabeth V. Wingfield (admitted pro hac vice)
Elizabeth P. Weissert (admitted pro hac vice)
BALLARD SPAHR LLP
1735 Market Street
Philadelphia, PA 19103
Telephone: 215.665.8500
Facsimile: 215.864.8999

Monica T. Nugent (238252017)
BALLARD SPAHR LLP
210 Lake Drive East, Suite 200
Cherry Hill, New Jersey 08002-1163
Telephone:  856.761.3400
Facsimile: 856.761.1020

*Attorneys for Princeton University*