**Ballard Spahr LLP**

1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
TEL 215.665.8500
FAX 215.864.8999
www.ballardspahr.com

Stephen J. Kastenberg
Tel: 215.864.8122
Fax: 215.864.8999
kastenberg@ballardspahr.com

October 6, 2023

*By Electronic Filing*

Judge Rukhsanah L. Singh
United States District Court District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Room 2020
Trenton, NJ 08608

Re:   *John Doe v. Princeton University*, Case No. 3:20-cv-04352-MAS-RLS

Dear Judge Singh:

The undersigned, as counsel for the respective parties in this action, submit this letter supplementing their letter of August 15, 2023 (Dkt. No. 121) setting forth the status of discovery. Since that letter, another discovery dispute has arisen that the parties have been unable to resolve after meeting and conferring. The parties raise this issue with Your Honor in advance of the scheduled hearing on other discovery disputes, scheduled for October 11.

I.   **Princeton's Position**

Princeton has requested that Doe make himself available for an independent medical examination ("IME") by its expert forensic psychiatrist and for testing and evaluation by its vocational expert. Doe has refused to confirm that he will sit for the evaluations, asserting that not until expert discovery commences will Doe reconsider such a request. Yet, Princeton's experts have requested earlier examinations, and there is no good reason for delay, much less any reason to expect Doe to reverse his refusal to consent. Because Doe has placed his mental health and his ability to obtain education and job opportunities in controversy and Princeton has good cause for these evaluations, Princeton asks that the Court order that Doe submit to them.

Both such evaluations may be compelled under Federal Rule of Civil Procedure 35. *See Gross-Quatrone v. Mizdol*, Civil Action No. 17-13111 (JXN) (LDW), 2022 U.S. Dist. LEXIS 232452, at *8-9 (D.N.J. Dec. 28, 2022) (affirming order for IME regarding psychological condition); *Jefferys v. LRP Publ'ns, Inc.*, 184 F.R.D. 262, 263 (E.D. Pa. 1999) (ordering a vocational evaluation). An order compelling an examination may be made "for good cause" and "must specify the time, place, manner, conditions, and scope of the

Judge Rukhsanah L. Singh
October 6, 2023
Page 2

examination, as well as the person or persons who will perform it."[1]  Fed. R. Civ. P. 35(a)(2).  Princeton intends to conduct both evaluations in the Philadelphia area, and requests to do so on mutually agreeable dates following Doe's fact deposition and no later than 20 days before the close of fact discovery.  Each evaluation will take approximately one-half day.

In considering whether to order a party to submit to examination by a licensed expert, courts determine first whether the subject of the examination is "in controversy" and second whether there is "good cause" for the examination.  *Gross-Quatrone v. Mizdol*, 2022 U.S. Dist. LEXIS 232452, at *8-9.  For example, a party's mental health condition is "in controversy" where there is *any* of the following present:

> 1) a cause of action for intentional or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional distress; (4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or (5) plaintiff's concession that his or her mental condition is 'in controversy' within the meaning of Rule 35(a).

*Id.* (citing *Kuminka v. Atlantic County N.J.*, 551 F. App'x 27, 29 (3d Cir. 2014)).

In evaluating "good cause," courts consider the relevance of the information sought, the need to "preserve the equal footing of the parties" with respect to their ability to evaluate the examinee's mental condition, and the availability of relevant information from other sources.  *Gross-Quatrone*, 2022 U.S. Dist. LEXIS 232452, at *9 (good cause existed for IME when "fundamental fairness demands that defendants equally be allowed to inquire into the cause and extent of plaintiff's complex web of physical and mental symptoms with the assistance of a qualified expert" and defendant should not have been limited to a review of plaintiff's medical records and depositions of her treating physicians).

Here, both prongs for ordering an examination are met.  In his initial disclosures, updated most recently on June 28, 2023, Doe claims $1,000,000 in damages stemming from "[d]amages for impairment of quality of life, humiliation, disappointment, frustration, fear, *anxiety, depression, psychological*, and other injuries." (Emphasis added.)  In those

---

[1]  Princeton's medical expert is Michelle Joy, M.D., Clinical Assistant Professor of Psychiatry at Perelman School of Medicine, University of Pennsylvania, who will conduct a half-day medical examination at her office in Philadelphia.  The medical evaluation will consist of an interview, which potentially could utilize brief screening or self-report instruments.  Princeton's vocational expert is Maria A. Babinetz, M.S., whose examination will take approximately one-half day and occur in the Philadelphia area.  The vocational evaluation will consist of an interview, and potentially testing.

Judge Rukhsanah L. Singh
October 6, 2023
Page 3

disclosures, Doe also claimed "other damages including the value of lost future employment and educational opportunities incurred by Plaintiff in the value of $10,000,000." In addition, Doe has stated that, in support of his damages claims, including his claim for emotional distress, he intends to "bolster Doe's claim via fact and expert discovery."

The foregoing amply puts Doe's mental health and employability "in controversy." And, the amounts of damages asserted certainly underscore the materiality of these damages issues to the case. Moreover, the nature of these matters, because they involve mental health concerns and forward looking career prospects, are commonly the subject of expert testimony. Accordingly, as in *Gross-Quatrone*, "fundamental fairness" requires that Princeton should not be limited to a less well-grounded expert opinion based solely on Doe's medical records and current employment records, and there is "good cause" for Princeton's expert evaluations.

Doe argues that Princeton has not disclosed its experts but to the contrary Princeton included their identities, credentials, and the scope of their proposed evaluations in the draft letter sent to Doe on October 3. And Princeton disclosed two months ago that it had retained a medical expert to address the mental health damages identified by Doe, and a vocational expert to address the lost earnings damages identified by Doe, and that these experts wished to evaluate Doe for those purposes.

Doe also complains that this matter is premature. But, the expert discovery schedule contemplates only five weeks between Plaintiff's expert reports and Princeton's. And, each of Princeton's experts have requested more time than that to evaluate Doe and digest the information therefrom prior to writing their reports. Presumably, Doe's experts need not and will not wait until the commencement of the expert discovery period to interview and otherwise evaluate Doe. Nor is there the slightest scintilla of prejudice to Doe from appearing for his evaluations a few weeks earlier than otherwise. Given the requests of these two highly credentialed and experienced experts, requiring Princeton to wait to conduct its evaluations until after the period of expert discovery commences (much less, disallowing evaluations) would impermissibly place Princeton on unequal footing to Doe in the evaluation of Doe's claimed mental health injuries and diminished career prospects.

Accordingly, Princeton requests that Doe be ordered to present himself for examinations on mutually convenient dates following his fact deposition and no later than 20 days before the close of fact discovery.

II.     **Doe's Position**

Doe has not refused to sit for any expert evaluation. Instead, Doe repeatedly informed Princeton that expert discovery should not commence because Princeton refuses to disclose the identity of its experts, fact discovery remains on-going and subject to myriad outstanding issues requiring resolution, and expert discovery is not timely. *See* Dkt. Nos.

Judge Rukhsanah L. Singh
October 6, 2023
Page 4

121, 123.  Princeton has failed to provide Doe with good cause for addressing expert discovery before the allotted time in the scheduling order.  *See Hendrych v. Sheltair Aviation LGA, LLC,* 2019 WL 3068214, at *2-3 (W.D. Pa. July 12, 2019) (precluding plaintiff from conducting expert discovery prematurely); *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC*, 2022 WL 20359241, at *18 (D.N.J. Feb. 8, 2022) (similar).

  Princeton's intransigence on this issue, culminating in the filing of this letter, lacks good-faith.  If Princeton genuinely wished to progress the issue, rather than use it to needlessly harass Doe, it would, as a preliminary matter, disclose its experts to Doe and their proposed evaluations.  *See* Doe and Princeton Email Correspondence attached as **Exhibit 1**.  Princeton clearly knows the identity of these experts, given those experts have informed Princeton that they require additional time to evaluate Doe.  Doe risks considerable prejudice by agreeing to an evaluation without knowing the identity of the expert or what the evaluation entails.

  This letter is the first time that Princeton has provided insight as to why it seeks to commence expert discovery early and its proffered basis is disingenuous.  For example, Princeton's claim that its experts need more time to complete their reports could be rectified by an extension of the expert discovery deadline, which Doe is willing to consent to.  Princeton has never requested such an extension or provided Doe the opportunity to propose one.

  Doe does not wish to impede Princeton's ability to conduct expert discovery; however, he would like to complete expert discovery in an orderly manner that does not prejudice him nor unfairly burdens him.  There is a reason why fact and expert discovery is separated into two phases, and Princeton has failed to provide good cause as to why the subjects should not remain separate.

  Accordingly, Doe requests that Your Honor deny Princeton's request for an order compelling Doe to sit for expert evaluations.

Judge Rukhsanah L. Singh
October 6, 2023
Page 5

Dated: October 6, 2023

By: *s/ Stephen J. Kastenberg*
Stephen J. Kastenberg (026001993)
Elizabeth V. Wingfield (admitted pro hac vice)
Elizabeth P. Weissert (admitted pro hac vice)
BALLARD SPAHR LLP
1735 Market Street
Philadelphia, PA 19103
Telephone: 215.665.8500
Facsimile: 215.864.8999

Monica T. Nugent (238252017)
BALLARD SPAHR LLP
700 East Gate Drive, Suite 300
Mount Laurel, New Jersey 08054
Telephone: 856.761.3400
Facsimile: 856.761.1020

*Attorneys for Princeton University*

*s/ Jewel K. Tewiah*
Jewel K. Tewiah
Michael Paul Bowen (admitted *pro hac vice*)
Edward E. Shapiro (admitted *pro hac vice*)
GLENN AGRE BERGMAN & FUENTES
1185 Avenue of the Americas, 22nd Fl
New York, New York 10036
mbowen@glennagre.com
eshapiro@glennagre.com
jtewiah@glennagre.com
212 970-1620

*Attorneys for Plaintiff John Doe*

DMFIRM #409468265 v2