# GLENN AGRE BERGMAN & FUENTES

Jewel K. Tewiah
jtewiah@glennagre.com

1185 Avenue of the Americas, 22nd Floor
New York, NY 10036
212.970.1620

November 3, 2023

By Electronic Filing

Honorable Rukhsanah L. Singh, U.S.M.J.
United States District Court for the District of New Jersey
402 East State Street
Court Room 7W
Trenton, NJ 08608

RE:   *John Doe v. Princeton University*, Case No. 3:20-cv-04352-MAS-RLS

Dear Judge Singh:

    This firm represents plaintiff John Doe in the above-captioned matter. Pursuant to Local Civil Rule 72.1 (c)(1)(B), we write to request a stay of Your Honor's October 11, 2023 order pending the resolution of Doe's appeal of that order to Judge Shipp.

    "When evaluating a motion for a stay pending an appeal, a court should consider: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Neal v. Asta Funding, Inc.*, 2015 WL 13667806, at *2 (D.N.J. Aug. 27, 2015) (citations omitted).

    Here, Doe meets all the factors for a stay. First, Doe has made a strong showing that he's likely to prevail on his appeal. *See, e.g.*, Dkt. No. 130-1. Second, Doe will face irreparable harm because, if he were to comply with Your Honor's order at this time, it would grant Princeton access to receive highly personal and sensitive discovery that it may not ultimately be entitled to. Third, Princeton will not be substantially injured by Doe not complying with the order at this time as fact discovery is scheduled to close on February 23, 2023, and Judge Shipp should resolve Doe's appeal well before that deadline. Further, Doe has agreed to keep his deposition open, pending Judge Shipp's ruling. Fourth, the public interest lies with granting Doe a stay here because the public has an interest in ensuring that litigants are not overburdened with discovery that may be unnecessary. *See* FRCP 26 (b). Finally, "depending on the District Court's decision of the appeal, compliance with the Court's Order may be moot. As a result, in the interest of justice and expediency, the Court [should] grant Plaintiff's motion to stay." *Neal.*, 2015 WL 13667806, at *2 (D.N.J. Aug. 27, 2015) (citations and quotation marks omitted)

    Counsel for Princeton has advised that Princeton does not oppose Plaintiff's request.

Honorable Rukhsanah L. Singh,
U.S.M.J.
November 3, 2023
Page 2 of 2

GLENN AGRE BERGMAN & FUENTES 

Please contact me with any questions or concerns.  Thank you for your consideration.

Respectfully yours,

/s/ Jewel K. Tewiah

CC:  All Counsel of Record

For good cause shown, the above request is hereby GRANTED.

So Ordered this __6th__ day of __November__, 20__23__

___R. Singh___
Hon. Rukhsanah L. Singh, U.S.M.J.

Glenn Agre Bergman & Fuentes LLP
New York
San Francisco
glennagre.com