UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN DOE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PRINCETON UNIVERSITY,<br><br>　　　　　Defendant. | Civil Action No. 20-4352 (MAS) (RLS)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**PRESENTLY** before the Court is a Motion by Plaintiff John Doe ("Plaintiff") to Compel Defendant Princeton University ("Princeton") to produce certain documents identified in Princeton's privilege log ("Challenged Documents"). (Doc. No. 165). Princeton opposes the Motion, to which Plaintiff has replied. (Doc. Nos. 166, 169). On October 23, 2024, the Court Ordered Princeton to provide the Court with the Challenged Documents for an *in camera* review. (Doc. No. 186). The Court has fully considered the parties' respective submissions on the Motion without oral argument. *See* Fed. R. Civ. P. 78; L. Civ. R. 37.1, 78.1. Following the Court's *in camera* review of the Challenged Documents, and for the reasons set forth below, the Court **DENIES** Plaintiff's Motion to Compel.

**I.　　RELEVANT BACKGROUND**

　　Because the Court writes for the benefit of the parties who are fully familiar with this matter, the Court does not set forth at length the background and procedural history of the instant Motion. Nonetheless, a review of the docket reflects the parties have heavily litigated this matter which arises out of Princeton's investigation of "intimate partner violence" involving Plaintiff following allegations asserted by nonparty Jane Roe. Through the present Motion, Plaintiff

1

challenges Princeton's assertion of the attorney-client privilege to withhold from discovery the 105 Challenged Documents. *(See* Doc. No. 165-9). Plaintiff argues that Princeton's descriptions in its privilege log are insufficient to show the attorney-client privilege protects the Challenged Documents from disclosure and that Princeton cannot claim such protection over communications on which an attorney was not copied or was merely copied in the "cc" field. *(See* Doc. No. 165-1).

Further, Plaintiff argues that, in the event the Court finds the privilege does apply to the Challenged Documents, Princeton waived the privilege by producing "the investigatory report, the case file, and the 2,000 documents relating to the investigation[.]" (Doc. No. 165-1 at p. 10). Plaintiff asserts that Princeton attempts "to hide aspects of its investigation" by withholding the Challenged Documents. (Doc. No. 165-1 at p. 11). Princeton opposes the Motion, arguing that it has properly invoked the attorney-client privilege, which it has not waived. (Doc. No. 166). In reply, Plaintiff reiterates his arguments and urges the Court to conduct an *in camera* review to fully assess Princeton's assertions. *(See* Doc. No. 169).

Having granted Plaintiff's request for an *in camera* review of the Challenged Documents and conducted such review, the Court now address the merits of the Motion..

## II. LEGAL STANDARD

Discovery is not limitless, but subject to the Federal Rules of Civil Procedure and the Court's finding of "the right balance." *Goodman v. Burlington Coat Factory Warehouse Corp.*, 292 F.R.D. 230, 233 (D.N.J. 2013); *see also* Fed. R. Civ. P. 1 (providing the Rules should be interpreted to "secure the just, speedy, and inexpensive determination" of the case). Discoverable information includes nonprivileged matter that is both relevant to a claim or defense and "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The information need not be

admissible at trial, *id.*, and the party seeking the discovery bears the burden of showing that the information sought is relevant, *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000). The Court will limit discovery that is outside the scope of that permitted under Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C)(iii).

A party withholding information or documents on the basis of a privilege must expressly assert the claim and describe the basis for so withholding the information or documents. Fed. R. Civ. P. 26(b)(5). Federal privilege law applies here, where both federal and state claims are at issue. *See Pearson v. Miller*, 211 F.3d 57, 66 (3d Cir. 2000); *see also* Fed. R. Ev. 501. "The attorney-client privilege protects confidential communications between an attorney and client" made for the purpose of obtaining legal advice. *Memory Bowl v. N. Pointe Ins. Co.*, 280 F.R.D. 181, 185 (D.N.J. 2012) (citing, *inter alia*, *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)); *see also in re Grand Jury Investigation*, 599 F.2d 1224, 1233 (3d Cir. 1979). The privilege aims to promote "full and frank communication between attorneys and their client[.]" *Upjohn*, 449 U.S. at 389. The attorney-client privilege applies where:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*In re Grand Jury Investigation*, 599 F.2d 1224, 1233 (3d Cir. 1979). Courts narrowly construe the attorney-client privilege. *Westinghouse Elec. Corp. v. Republic of Philippines*, 951 F.2d 1414, 1423-24 (3d Cir. 1991); *see also Fisher v. United States*, 425 U.S. 391, 403 (1976) ("[S]ince the privilege has the effect of withholding relevant information from the fact-finder, . . . it protects

3

only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege."). The party asserting a privilege bears the burden of proving its application on a document-by-document basis. *See United States v. Rockwell Int'l*, 897 F.2d 1255, 1265 (3d Cir. 1990); *in re Grand Jury Empanelled February 14, 1978*, 603 F.2d 469, 474 (3d Cir. 1979); *Memory Bowl*, 280 F.R.D. at 185.

The resolution of the instant Motion lies within the Court's sound discretion. *See Forrest v. Corzine*, 757 F. Supp. 2d 473, 477 (D.N.J. 2010) ("Magistrate Judges are given wide discretion to manage cases and to limit discovery in appropriate circumstances.").

## III. DISCUSSION

The Court has fully reviewed *in camera* all of the Challenged Documents and finds they are all protected by the attorney-client privilege. First, Plaintiff claims Princeton improperly withholds some of the Challenged Documents because they are unprotected communications that merely copy counsel in the "cc" field. Indeed, it is well-established that simply copying an attorney on a communication is insufficient to fall within the scope of the privilege, particularly in the context of in-house counsel who may have different roles in providing business advice or conducting factual investigations, which are not protected from disclosure. *See D'Ambly v. Exoo*, No. 20-12880, 2024 WL 4880322, at *3 (D.N.J. Nov. 25, 2024); *Waugh v. Pathmark Stores, Inc.*, 191 F.R.D. 427, 432-33 (D.N.J. 2000) (recognizing that the attorney-client privilege does not apply to an attorney's investigation for purposes other than preparing for litigation or providing legal advice); *see also in re Am. Med. Collection Agency, Inc., Customer Data Sec. Breach Litig.*, No. 19-md-2904, 2023 WL 8595741, at *4 (D.N.J. Oct. 16, 2023) (recognizing that the attorney-client privilege applies to communications between an entity's "management and employees where

4

doing so would effectuate or enable legal advice[,]" rather than concerning "business affairs, technical issues, or public relations").

Upon the review of the Challenged Documents, it is clear that counsel was included, and copied, on the communications for purposes of seeking and receiving legal advice, rather than to conduct or guide the factual investigation or to provide non-legal advice. The communications on which counsel was included were part of on-going discussions regarding sought-after legal advice rather than unprotected investigatory facts. The Court's *in camera* review confirms Princeton's contentions that these withheld communications are not the type where counsel is "part and parcel of the investigation" at issue such that disclosure is necessary. *Koss v. Palmer Water Dep't*, 977 F. Supp. 2d 28, 30 (D. Mass. 2013). As such, the attorney-client privilege protects from disclosure those documents. *See, e.g., Waugh*, 191 F.R.D. at 433 (sustaining application of attorney-client privilege where attorney provided legal advice rather than business advice or investigative support); *D'Ambly*, 2024 WL 4880322, at *6 ("The attorney-client privilege applies to communications by a corporate employee concerning matters within the scope of his/her duties and that were purposefully made to enable an attorney to provide legal advice to the company." (internal quotations marks and citation omitted)).

Second, Plaintiff challenges Princeton's assertion of the privilege on those Challenged Documents that do not include an attorney in the correspondence. However, "[a] document need not be authored or addressed to an attorney in order to be properly withheld on attorney-client privilege grounds." *SmithKline Beecham Corp. v. Apotex Corp.*, 232 F.R.D. 467, 477 (E.D. Pa. 2005) (internal quotation marks and citation omitted). Indeed, the protections of the privilege are not lost if legal advice is shared between non-attorneys to relay the advice. *Id.* The Court's *in camera* review of the Challenged Documents—some of which Princeton produced in discovery in

redacted form—clearly reveals that the non-attorneys shared and discussed legal advice from counsel, separate and apart from any factual content regarding the investigation at issue. As such, the Court finds Princeton's assertion of the privilege over these Challenged Documents to be appropriate. *See, e.g., D'Ambly*, 2024 WL 4880322, at *11 (finding that communications reflecting legal advice, as opposed to an investigation's results, are entitled to the attorney-client privilege protection).

Finally, the Court does not find that Princeton waived the attorney-client privilege as to the Challenged Documents. A party may waive the attorney-client privilege through certain disclosures or by placing its attorney's advice at issue in the litigation. *See Rhone-Poulenc Rorer Inc. v. Home Indemn. Co.*, 32 F.3d 851, 863 (3d Cir. 1994). For waiver to apply to undisclosed documents, the undisclosed documents must relate to the same subject matter as the disclosed documents and "ought in fairness be considered together[,]" and the waiver must be intentional. *Shire LLC v. Amneal Pharms., LLC*, No. 11-3781, 2014 WL 1509238, at *6 (D.N.J. Jan. 10, 2014). "Courts typically find subject matter waiver when the person holding the privilege attempts to use it both as 'a sword' and 'a shield' or when the person attacking the privilege will suffer prejudice at trial." *In re Am. Med. Collection Agency*, 2023 WL 8595741, at *11 (citing *Shire*, 2014 WL 1509238, at *6).

Here, Plaintiff has offered no support for a finding that Princeton intentionally or otherwise waived the protections of the attorney-client privilege over its communications with counsel simply because it has produced relevant, non-privileged documents relating to the underlying Title IX investigation is at issue here. Princeton is not using the privilege in a way to prejudice Plaintiff; indeed, Princeton has produced documents relating to the investigation that do not include legal advice and has not asserted any reliance on advice of counsel in its defenses. Moreover, the

Court's *in camera* review of the Challenged Documents does not support a finding that the privileged matter "ought in fairness be considered" with the produced discovery. Accordingly, the Court finds that Princeton has not waived the attorney-client privilege over the Challenged Documents.

## IV. CONCLUSION

For the reasons discussed above, the Court DENIES Plaintiff's Motion to Compel the production of the Challenged Documents. The Challenged Documents are protected from discovery pursuant to Federal Rule of Civil Procedure 26(b)(1) and 26(b)(2)(C)(iii) as attorney-client privileged materials. Accordingly, upon a showing of good cause, and exercising the Court's discretion,

**IT IS** on this **4th** day of **February 2025**, hereby

**ORDERED** that Plaintiff's Motion to Compel (Doc. No. 165) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall **TERMINATE** the Motion pending at Docket Entry Number 165.

**SO ORDERED.**

_____
RUKHSANAH L. SINGH
UNITED STATES MAGISTRATE JUDGE