IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JOHN DOE,

                      Plaintiff,

            v.

PRINCETON UNIVERSITY,

                    Defendant.

:
:
: CIVIL ACTION
: NO. 3:20-CV-4352-MAS-RLS
:
: [PROPOSED] ORDER INCLUDING
: FINDINGS OF FACT AND
: CONCLUSIONS OF LAW PURSUANT
: TO LOCAL RULE 5.3
:
:
:

The undersigned counsel for Defendant Princeton University ("Defendant" or the "University") submits this Proposed Findings of Fact and Conclusions of Law pursuant to Local Civil Rule 5.3 in Support of the parties' Joint Motion to Seal.

**FINDINGS OF FACT**

1.      On November 20, 2025, the University filed the Defendant's Memorandum of Law in Support of Its Motion for Summary Judgment (ECF 212); Defendant Princeton University's Statement of Undisputed Material Facts (ECF 212-1); and Defendant's Exhibits 1-37 (ECF 212-2–38) under temporary seal.

2.      On January 22, 2026, Doe filed Plaintiff John Doe's Memorandum of Law in Opposition to Defendant Princeton University's Motion for Summary Judgment (ECF 215); Plaintiff John Doe's Response to Defendant Princeton University's Statement of Material Facts (ECF 215-1); Plaintiff John Doe's Supplemental Statement of Disputed Material Facts (ECF 215-2); the Declaration of Jewel K. Tewiah in Opposition to Princeton's Motion for Summary Judgment (ECF 215-3), and Plaintiff's Exhibits 1–75 (ECF 215-4–78) under temporary seal.

3.      On February 19, 2026, the University filed the Response to Plaintiff's Statement of Material Facts in Opposition to Defendant's Motion for Summary Judgment (ECF

216-1), Second Declaration of Stephen J. Kastenberg in Support of Defendant Princeton University's Motion for Summary Judgement (ECF 216-2), and Defendant's Exhibits 38–47 (ECF 216-3–12) under temporary seal.[4]

4.      These filings are collectively referred to as "Confidential Documents."

5.      These Confidential Documents concern and describe Title IX investigatory panel findings, which are the disciplinary records of non-party students—including non-party Roe—and are deemed confidential under the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g. Certification of S. Kastenberg ¶ 7(b).

6.      As set forth in the supporting Certification of Counsel, the Confidential Documents contain information that is confidential, including information that would compromise the anonymity of Doe, non-party Roe, and other non-party students. *Id.* ¶ 7(a).

7.      The parties have demonstrated a proper basis for sealing the documents, the potential for a clearly defined and serious injury should the documents not be sealed, and why a less restrictive alternative to sealing is not available. *Id.* ¶ 7(a)–(e).

8.      The non-party students described in the Confidential Documents and Defendant have legitimate interests that warrant the sealing of the Confidential Documents. *Id.* ¶ 7(d)–(e).

9.      The non-party students and the University would suffer clearly defined and serious injury if the Confidential Documents were not sealed. *Id.*

---

[4]      Defendant also filed its Memorandum of Law in Further Support of its Motion for Summary Judgment under temporary seal (ECF 216), but the parties do not move to have it remain under seal. A public version of that document is already available on the docket as an attachment to the parties' Motion.

10. The parties have already submitted and made available publicly on the record redacted versions of those documents that set forth the key legal and factual arguments of the parties, including all briefing in support of and in opposition to the pending Motion for Summary Judgment. *Id.* ¶ 5. They have also submitted an unredacted, public version of the University's Memorandum of Law in Further Support of its Motion for Summary Judgment. *Id.* ¶ 5 n.1.

11. Thus, a less restrictive means of avoiding injury to the non-party students and the University is not available at this time. *Id.* ¶ 8. *See Immunomedic, Inc. v. Roger Williams Med. Ctr.*, No. 15-4526, 2016 WL 10572644, at *2 (D.N.J. Dec. 22, 2016) ("The sealing of confidential information along with the filing of a redacted version of materials is an accepted practice in this District as the least restrictive means to protect the parties' confidential information because a redacted version of the materials was publicly filed and any redactions will be limited to the information this Court determines may be properly sealed.").

12. There is no prior order sealing the documents. *Id.* ¶ 9.

13. No non-party has objected to the parties' Joint Motion to Seal. *Id.* ¶ 10.

### CONCLUSIONS OF LAW

14. This Court has the power to seal to prevent the discovery of confidential information to the public. Local Civil Rule 5.3(c) places the burden of proof on the moving party as to why a motion to seal or otherwise restrict public access should be granted. Specifically, it requires a showing of (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest, which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought were not granted; and (d) why a less restrictive alternative to the relief sought is not available.

15. The parties have satisfied their burden of proving under Local Civil Rule 5.3(c) that the Confidential Documents are confidential and entitled to protection. *See, e.g., Doe v. Rider Univ.*, Civ. A. No. 3:16-cv-04882-BRM-TJB, 2020 U.S. Dist. LEXIS 25708, at *3 (D.N.J. Feb. 4, 2020) (granting a motion to seal highly personal and sensitive information about non-parties who were students, including education records protected under FERPA); *Painter v. Doe*, No. 3:15-CV-369-MOC-DCK, 2016 U.S. Dist. LEXIS 91003, at *16 (W.D.N.C. July 12, 2016) (granting a motion to seal a transcript of a school disciplinary hearing because there is a "compelling interest in protecting the privacy of student records, evidenced by the letter and spirit of FERPA"); *Mt. Holly Citizens in Action v. Twp. Of Mount Holly*, Civil Action No. 08-2584 (NLH), 2009 U.S. Dist. LEXIS 11061, at *18 n.7 (D.N.J. Feb. 13, 2009) (granting motion to seal sensitive personal information of non-parties).

16. The information submitted by the parties satisfies the standard set forth in Local Civil Rule 5.3(c) and there is no less restrictive alternative to sealing the documents.

## ORDER

**IT IS ON THIS** 6th day of March , 2026, hereby **ORDERED** that the parties' Joint Motion to Seal is **GRANTED**; it is further **ORDERED** that the following items shall remain **SEALED**:

- All documents filed under ECF 212

- All documents filed under ECF 215

- All documents filed under ECF 216[5]

---

[5] The parties have already made public Princeton's Memorandum in Further Support of its Motion for Summary Judgment (ECF 216) as Exhibit G to the Motion, and have made public redacted versions of Defendant's Memorandum of Law in Support of Its Motion for Summary

4

* The Clerk of the Court shall TERMINATE the Motion pending at Docket Entry Number 217.

BY THE COURT:

Hon. Rukhsanah L. Singh, U.S.M.J.

---

Judgment (ECF 212); Defendant Princeton University's Statement of Undisputed Material Facts (ECF 212-1); Plaintiff John Doe's Memorandum of Law in Opposition to Defendant Princeton University's Motion for Summary Judgment (ECF 215); Plaintiff John Doe's Response to Defendant Princeton University's Statement of Material Facts (ECF 215-1); Plaintiff John Doe's Supplemental Statement of Disputed Material Facts (ECF 215-2); and Princeton University's Response to Plaintiff's Statement of Material Facts in Opposition to Defendant's Motion for Summary Judgment (ECF 216-1) as Exhibits A-F to the Motion.